

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2007

# USA v. Mota

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2939

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Mota" (2007). *2007 Decisions.* Paper 786.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/786

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2939

———————

UNITED STATES OF AMERICA

v.

SEGUNDO MOTA,

Appellant.

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 05-cr-00413
District Judge:  The Honorable William W. Caldwell

———————

Submitted Under Third Circuit LAR 34.1(a)
May 24, 2007

———————

Before: BARRY, CHAGARES, and TASHIMA,[*] Circuit Judges

(Opinion Filed: July 11, 2007)

———————

OPINION

———————

TASHIMA, Circuit Judge

———————

  [*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Segundo Mota challenges his sentence on the grounds that the district court did not provide a sufficient record to review whether the sentence was consistent with the factors specified in 18 U.S.C. § 3553(a) and did not meaningfully consider those factors. Mota also argues that to the extent that the district court considered the § 3553(a) factors in imposing sentence, it treated the Sentencing Guidelines as effectively mandatory and imposed an unreasonable sentence on that ground, as well. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1).

To determine whether the district court acted reasonably in imposing sentence after United States v. Booker, 543 U.S. 220 (2005), we must first be satisfied that the court exercised its discretion by giving meaningful consideration to the factors specified in § 3553(a). United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). We must also determine whether the § 3553(a) factors were reasonably applied to the circumstances of the case, in which task we view deferentially the district court's determination of the appropriate sentence. Id. at 330. The district court need not "discuss every argument made by a litigant if an argument is clearly without merit," "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing," or "routinely state by rote that [it] ha[s] read the Booker decision or that [it] know[s] the sentencing guidelines are now advisory." Id. at 329.

Mota was sentenced on June 1, 2006, to a term of imprisonment of 65 months. He had pleaded guilty pursuant to a plea agreement to one count of violating 21 U.S.C. § 846 by conspiring to distribute and possess with intent to distribute cocaine. The Presentence

2

Investigation Report ("PSR") calculated a Guidelines range of 87 to 108 months, which resulted from a Total Offense Level of 28 (including adjustments for minor role in the offense and acceptance of responsibility) and a Criminal History Category of II. Neither party objected to the PSR, but the government submitted a motion seeking a downward departure of 25% pursuant to U.S.S.G. § 5K1.1 based upon Mota's prompt and substantial cooperation with the government, and requested a sentence of 65 months.

At the sentencing hearing, defense counsel argued for a sentence of 60 months, suggesting: (1) that the amount of drugs was a government construct; (2) that Mota's involvement was limited in terms of time and activity (which the PSR had also indicated); and (3) that a sentence of 60 months would have been the maximum had Mota pleaded guilty to a charge of interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3), which defense counsel argued was a better fit for Mota's crime. Defense counsel did not argue that the proposed Guidelines range was unreasonable, or that the § 3553(a) factors counseled in favor of a different sentence.

Although the government stated the advisory nature of the Guidelines at the sentencing hearing and mentioned § 3553 in its motion recommending a downward departure, the district court did not refer explicitly to the § 3553(a) factors. The district court, however, did state that it believed that Mota was in a considerably different situation than his brother and co-defendant Ramon Mota, who already had been sentenced to a lower sentence and who did not have a criminal history; that Mota and his co-defendants "were out to make a dollar, that's for sure;" that "the fact that it couldn't be

3

accomplished somewhat lessens the matter;" and that "I think the Government's request for a 25 percent reduction is a reasonable one, and I don't think it would be fair to vary it from that considering what I gave to Ramon." The district court stated that it was imposing sentence "[p]ursuant to the Sentencing Reform Act of 1984," through which § 3553(a) was enacted.

Although the district court could usefully have provided additional reasoning when it sentenced Mota, the record discloses that the district court gave its reasons for the sentence imposed and believed the sentence to be reasonable; that it considered factors such as the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities; and that it addressed defense counsel's arguments. For all of these reasons, Mota's arguments that the sentence imposed was unreasonable fail. See Cooper, 437 F.3d at 332 ("There are no magic words that a district judge must invoke when sentencing."). Finally, we note that the District Court's discussion of the sentencing factors easily satisfies the Supreme Court's recent teaching in Rita v. United States, 2007 WL 1772146, at *12 (U.S. Jun. 21, 2007), that "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." We conclude that the sentence was reasonable, and we will affirm.

4